UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOES 1-3, et al.,

Plaintiffs,

v.

ROBLOX CORPORATION,

Defendant.

Case No.  26-cv-00271-RS

**ORDER ON RELATION OF CASE TO** *IN RE: ROBLOX* **MDL**

The issue before the court, whether *John Does 1-3, et al. v. Roblox Corporation*, Case No. 26-cv-00271 (the "Class Action") ought to be a member case in or related to *In re: Roblox Corporation Child Sexual Exploitation and Assault Litigation*, MDL. No. 3166 ("*In re: Roblox*") may have arisen from simple confusion as to whether Plaintiffs sought to file as a direct member case[1] in *In re: Roblox* or instead to be related for purposes of Local Rule 3-12 without being a member case to *In re: Roblox*.[2] Nonetheless, having reviewed the parties' briefing, the Court finds that the Class Action is properly related to *In re: Roblox* for purposes of Local Rule 3-12 but should not be included as a member case in *In re: Roblox*. Per the multidistrict litigation ("MDL")

---

[1] It is not clear from Platiniff's motion, Dkt. 10, whether they seek relation in the sense of Local Rule 3-12 only or seek membership in the MDL, as Defendant Roblox seems to mean "relation" it its motion, Dkt. 8. The cover sheet to Plaintiff's initial filing does not characterize the origin of the Class Action suit as a "Multidistrict Litigation-Direct Filing" but instead indicates the suit is an "Original Proceeding" related to *In re: Roblox.* Dkt. 1.

[2] A case may be related to an MDL for purposes of Local Rule 3-12 without being a member case. *See e.g.,* Order Relating Case and Order of Recusal, *Microsoft Corp. v. Compression Labs, Inc.*, No. 05-cv-1567-JF, Dkt. 14, (N.D. Cal. May 6, 2005).

United States District Court
Northern District of California

panel transfer order, *In re: Roblox* pertains to the sexual exploitation and, in some cases, assault of minors by child predators who targeted and groomed minors through the Roblox gaming platform. MDL No. 3166, Dkt. 1 ("Transfer Order") at 1. The Class Action, by contrast, alleges Plaintiffs' injuries relate to "illicit" and "inappropriate" "conversations," "contact," and "behavior" without alleging exploitation or assault. Accordingly, the Class Action is not properly part of the *In re: Roblox*.

On the other hand, Civil Local Rule 3-12 defines related cases, such that they will be heard before the same Judge, as actions "concern[ing] substantially the same parties, property, transaction, or event" where "[i]t appears likely that there will be an unduly duplication of labor or expense or conflicting results if the cases are conducted before different Judges." Although the Class Action and *In re: Roblox* differ with regard to the harm alleged to the plaintiffs in each, they share the key defendant party, Roblox, and allegations related to that defendant's conduct enabling the grooming of minor children on its platform. This is sufficient for relation under Local Rule 3-12. Accordingly, the Class Action is not a member case in *In re: Roblox* but related for purposes of Local Rule 3-12.

**IT IS SO ORDERED**.

Dated: February 17, 2026

_____
RICHARD SEEBORG
Chief United States District Judge